JERRY BROWN v. STATE OF OHIO.

1. HEARSAY EVIDENCE AS TO LIVELIHOOD OF ACCUSED IS INCOMPETENT IN PROSECUTION FOR POSSESSION OF BURGLARS' TOOLS.

In a prosecution for having certain burglars' tools in his possession with burglarious intent, proscribed by Gen. Code 12439, hearsay or secondary evidence as to the livelihood of accused is incompetent, notwithstanding proof of his occupation as bearing upon the intent with which he was carrying the tools be competent.

2. CHARGE TO JURY IMPLYING NECESSITY OF ACCUSED'S PRODUCING EVIDENCE OF GOOD CHARACTER IS ERRONEOUS.

The presumption is in favor of good character and reputation, and a charge to the jury which seems to imply that, if the accused did not produce evidence as to his good character and reputation, he thereby did not claim good character, is erroneous.

[Syllabus approved by the court.]

ERROR to common pleas court.

Hamilton County.

*Thomas J. Cogan,* for plaintiff in error.
*Arthur C. Fricke,* for defendant in error.

**SMITH, J.**

The plaintiff in error was convicted in the court of common pleas of this county under Gen. Code 12439, for having in his possession certain implements used by burglars for breaking and entering houses, with the intention of using the same burglariously, and upon said conviction was sentenced to the penitentiary of the state.

The conviction is attacked upon the ground that hearsay or secondary evidence was admitted by the trial court on behalf of the state, to prove the calling or livelihood of plaintiff in error and his associates at the time of his arrest, to-wit, that of being a thief or burglar.

While it is competent to prove the calling or livelihood of the plaintiff in error or his associates as bearing upon the intent with which he was carrying the implements which were found in his possession, yet this livelihood or business if it may be so designated is a fact and should be proven as other facts in the case.

We do not think that the character or reputation of the associates of the accused could be placed before the jury, as disclosed by the record in this case, to establish their means of livelihood or business, by statements made by the various witnesses as to what other people had told them in regard to the calling or business of these individuals.

It was competent to show the work that the associates of the plaintiff in error had been engaged in, or that the plaintiff in error himself, as a fact in the case; but this fact could not be deduced from or proven by secondary evidence as to reputation of the parties, based upon what other persons had told the witnesses these parties were engaged in.

We are also of the opinion that the admission by the trial court of evidence pertaining to the reputation of the plaintiff in error as to his being a criminal or thief, was prejudicial,

Brown v. State.

notwithstanding that the same was later stricken from the record and withdrawn from the consideration of the jury.

Until the reputation of the accused had been put in issue by himself, it was error to have allowed it to enter into the case; and in instructing the jury to disregard the same the court said, "that so long as the defendant had not put his own character and reputation in issue before the jury by claiming to be of good character, the state was not authorized to introduce any evidence to impeach his character."

This would seem to imply, that if the plaintiff in error did not produce evidence as to his good character and good reputation he thereby did not claim to be of good character or to have a good reputation. This we think was prejudicial, for the presumption is in favor of the good character and the good reputation of the plaintiff in error and these can not be attacked until he himself has offered evidence bearing upon the same beyond the presumption of law.

Judgment will be reversed.

**Giffen** and **Swing, JJ.,** concur.